BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, an unincorporated association, Plaintiff-Appellant,

v.

CHICAGO & ILLINOIS MIDLAND RAILWAY COMPANY, a corporation, Defendant-Appellee.

No. 16046.

United States Court of Appeals Seventh Circuit.

Oct. 18, 1967.

Jack A. Williamson, Chicago, Ill., Harold C. Heiss, Russell B. Day, Cleveland, Ohio, for Brotherhood of Locomotive Firemen and Enginemen, plaintiff-appellant.

Burke Williamson, Chicago, Ill., for appellant.

Martin M. Lucente, William P. Richmond, Chicago, Ill., for Chicago & Illinois Midland Railway Co., a corporation, defendant-appellee. Sidley & Austin, Chicago, Ill., of counsel.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

[1] Plaintiff, Brotherhood of Locomotive Firemen and Enginemen, sued by virtue of 28 U.S.C. Sec. 1337, seeking a declaration that defendant, Chicago & Illinois Midland Railway Company (C & I M), was bound by a decision of a Special Adjustment Board and for an injunction requiring the C & I M to resume the operation of a switching engine, the discontinuance of which precipitated the present controversy. The district court sustained a motion for summary judgment by the C & I M finding "that this case must be dismissed for lack of jurisdiction" and entered summary judgment that plaintiff "take nothing" and "that the action be dismissed on the merits." We approve the court's finding, but vacate the judgment and remand for judgment of dismissal for want of jurisdiction.

On September 17, 1964, the C & I M discontinued a "yard engine" in its Taylorville, Illinois, switching yard. This was done in accordance with the procedure outlined in Article 5 of the National Collective Agreement signed in the White House in June, 1964. Since the discontinuance of the yard engine resulted in the furloughing of four of the C & I M firemen who had worked on the engine, the Brotherhood requested the C & I M to pay the firemen benefits as provided under Article 5 of the White House agreement. The C & I M refused to do so.

Subsequently the parties, by virtue of the White House agreement, established a Special Board of Adjustment and submitted the issue concerning the claim of the firemen to that Board. The Board's Award No. 598 issued January 13, 1966. The Board did not pass on the "dispute," but instead found that Article 5 of the White House agreement did not apply to the Taylorville yard; and that the practical construction of Article 5 by the parties and its attempted use did not entitle the C & I M to invoke the article as a basis for abolishing the yard engine.

The complaint alleges in substance that since Award No. 598 decided Article 5 did not apply, discontinuance of the yard engine and the resulting furloughs of the four firemen violated Article 6(o) of the basic brotherhood-C & I M bargaining agreement. The Brotherhood further alleges that there is no dispute between the parties about the fact that Article 6(o) requires the re-establishment of the yard engine.

The district court granted summary judgment on the basis of lack of jurisdiction because of its conclusion that the suit presented a question of contract interpretation, the resolution of which was within the sole primary jurisdiction of the Railroad Adjustment Board.

The theory of the Brotherhood is that its allegations, taken as true, preclude the summary judgment here because Award No. 598 settled the only issue between the parties by deciding that Article 5 did not provide the C & I M with a basis for abolishing the yard engine. The Brotherhood reasons that the C & I M therefore was in continuing vio-

lation of Section 2, Seventh, of the Railway Labor Act, Title 45, because the abolishment of the engine constituted a unilateral change in the working conditions of the firemen who, under the Brotherhood's theory, were without dispute required to handle the switching at the Taylorville yard by virtue of Article 6(o) of the bargaining agreement.

The C & I M's answer denies the allegation that it was in violation of Article 6(o) and states that Arbitration Award No. 282 of the National Mediation Board has amended Section 6(o). After filing its answer the C & I M moved for summary judgment supported by an affidavit amplifying the allegations in the answer. The affidavit states that compensation claims have been filed by the Brotherhood with the C & I M for the furloughed firemen pursuant to grievance procedures of the bargaining agreement between the parties, that the claims are still pending and that the time for filing the claims with the National Railroad Adjustment Board had been extended when the affidavit was filed. The Brotherhood affidavit opposing the summary judgment motion interprets Award No. 282 differently than does the C & I M.

We think the affidavits reveal that no genuine issue of fact existed between the parties as to whether there was a dispute about the proper interpretation of Section 6(o) of the bargaining agreement in light of Award No. 282. It follows that we think the district court did not err in entering summary judgment dismissing the Brotherhood's suit for lack of jurisdiction over a dispute such as this which is particularly appropriate for settlement by the parties themselves or by the administrative agency set up for the purpose by the Railway Labor Act.

[2–5] The allegation that there was no dispute is of no aid to the Brotherhood in view of the affidavits before the district court; and the allegation that Award No. 598 left the C & I M as violator of Section 6(o) cannot be taken as true to preclude the district court on this record from deciding as a matter of law that there was a dispute. The Brotherhood argues that the C & I M's initial mistaken reliance on Article 5 of the White House agreement precludes it from now changing its theory to rely upon a claim that its action is valid under Section 6(o) as modified by Award No. 282. The Brotherhood first argues that the C & I M's delay in asserting its new theory indicates that its new position is without foundation. This appearance of "afterthought" may have some weight when the merits of the new position come before the proper tribunal, but we cannot conclude, on this basis, that there is not now a good faith dispute between the parties about the meaning of the contract. Second, the Brotherhood argues that the delay in asserting the new theory raises an equitable estoppel which precludes the C & I M from presenting its new argument and thereby defeating jurisdiction in the district court. This argument is not persuasive, however, since the Brotherhood claims no injury as a result of this asserted change in theory by the C & I M.

■ Having concluded that the court did not err in deciding that there was a dispute about the interpretation of Article 6(o) of the bargaining agreement, we need not consider any other point made by the Brotherhood. But, since the court properly found no jurisdiction, the judgment on the merits is not proper.

Judgment vacated and cause remanded to the district court for entry of a proper judgment against the Brotherhood.